HIGGINBOTHAM, Circuit Judge, concurring:
I concur fully with the majority opinion but write to suggest a source of the tension among our opinions; that is, our lack of focus on the colorable federal defense element, the predicate for removal under 28 U.S.C. § 1442. Here, that defense is the federal contractor defense articulated in Boyle v. United Technologies Corp . 1 I suggest that case contains all the necessary inquiries.
With these asbestos cases, we encounter three sets of jurisprudence. The first concerns the state-law claim for injuries suffered by exposure to asbestos. The second involves the federal contractor defense asserted by the government's contractor. The third entails the defendant's exercise of its forum choice through removal to *405 federal court. Rather than plodding through these areas, district courts, in deciding a motion to remand, are often drawn by the parties into issues concerning the sufficiency of a plaintiff's state-law claim.
To these eyes, the better approach is to begin with the jurisdictional issue; that is, we, in resolving a motion to remand, should first ask if the defendant offers a colorable federal defense, as not doing so tends to invite a premature merits determination.[2] For an asbestos case like the one presently before us, resolution is found by close application of the principles set forth in Boyle . There, the Court indicated that the overarching inquiry is whether the claimed injury results from a discretionary decision of the government-i.e., whether Lieutenant Boyle's death resulted from the government's decision that led to the defectively designed escape hatch.[3]
Drifting from this inquiry leads to the misapplication of the causal nexus requirement. It is telling that other circuits have read the 2011 amendment to eliminate causal nexus, accenting the point that the causal nexus analysis begins to take the same shape as the colorable federal defense inquiry. It is not so much that we need to abandon causal nexus; rather, the relevant point is that causal nexus has little work to do once a court sequences its analysis to determine the availability of a colorable federal defense-here, the federal contractor defense-at the outset.
It bears emphasis that while the metrics for removal have softened, there has been no retreat from the sharp demands of Boyle . The suggested sequencing with firm application of Boyle ought to bring much clarity to cases that appear sound in outcome but less than clear in rationale.

487 U.S. 500, 512, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988) ("Liability ... cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in use of the equipment that were known to the supplier but not to the United States."); see also Jowers v. Lincoln Elec. Co. , 617 F.3d 346, 352 (5th Cir. 2010) ("The government contractor defense preempts state law and provides a total bar to liability in a failure-to-warn case if a defendant establishes three elements: (1) the federal government exercised discretion and approved warnings for the product; (2) the warnings the defendant provided about the product conformed to the federal government specification; and (3) the defendant warned the federal government about dangers known to the defendant but not the government.") (citing Boyle , 487 U.S. at 512, 108 S.Ct. 2510 ).

See, e.g. , Zeringue v. Crane Co. , 846 F.3d 785, 790 (5th Cir. 2017) (resolving federal colorable defense before answering the causal nexus requirement).

Boyle , 487 U.S. at 511, 108 S.Ct. 2510.